**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 97-4308

MARCUS BROWN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-96-450-DWS)

Submitted: October 20, 1997

Decided: December 11, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Henry Dargan McMaster, TOMPKINS & MCMASTER, Columbia,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Jane B. Taylor, Assistant United States Attorney, Columbia, South
Carolina, for Appellee.

_____

**OPINION**

PER CURIAM:

Marcus Brown appeals from his convictions on seven counts of conspiracy to possess with intent to distribute and to distribute crack cocaine, distribution of crack cocaine, and possession with intent to distribute crack cocaine, 21 U.S.C. §§ 841(a)(1), 846 (West 1981 & Supp. 1997), for which he was sentenced to 151 months imprisonment. Brown's only claim on appeal is that the district court erred by admitting evidence of Brown's guilty plea to state charges based on the same conduct underlying Count 2 of the federal charges. We affirm.

At Brown's trial, the government called Sumter County narcotics officer Mark Rosensteel to testify. Rosensteel stated, over Brown's objection, that Brown had pled guilty in South Carolina state court to a drug charge (Possession with Intent to Distribute Crack Cocaine) which was based on the same facts as Count 2 of the federal indictment (Possession with Intent to Distribute crack cocaine on December 1, 1994). Rosensteel's testimony was based on his involvement with Brown's arrest and his in-court identification of Brown's signature on the guilty plea document.[1] Brown claims that Rosensteel's testimony constituted inadmissible hearsay entitling him to a new trial.

This court reviews the district court's evidentiary rulings for abuse of discretion. United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). We find no abuse of discretion. First, Brown's guilty plea was not hearsay under Fed. R. Evid. 801(d)(2), which provides that a statement is not hearsay if it "is offered against a party and is (A) the party's own statement, in either an individual or representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth." Second, the document itself could have been admitted as a self-authenticating document under Fed. R. Evid. 901(a).[2]

_____

[1] The document itself was not introduced into evidence.
[2] Rule 901(a) provides that "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Rule 901(b)(1) further provides that the testimony of a witness with knowledge that a matter is what it is claimed to be conforms with the requirements of the Rule.

Accordingly, we affirm Brown's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED